1

UNITED STATES DISTRICT
COURT CIVIL DIVISION OF Florida

MAURICE SYMONETTE
JAMES LITTLEJOHN, AND MACK WELLS

Plaintiff(s)

Vs

FILED by JAO D.C.

SEP 04 2018

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

INDY MAC BANK, EMC MORTGAGE
LANCASTER MORTGAGE BANKERS LLC
MORTGAGE ELECTRONICS REGISTRATION
SYSTEM (MERS) AND DEUTSCHE BANK NATIONAL
TRUST COMPANY AS TRUSTEE UNDER THE
POOLING AND SERVICING AGREEMENT SERIES
RAST 2006-A8(CSFB)
        Defendants
_____/

1). wrongful foreclosure
2). Violation of civil code
3). Unjust enrichment
4)  respa and Tila violations
5). No contract (mers)
6). Fraud and Concealment
7). Quiet title
8). Declaratory and Injunctive Relief
9). Slander of Title
10). Intentional infliction of Emotional Distress
11). Violation of civil rights Act Of 1964
12). Violation of bankruptcy
13). Damage to Property
14). Grand theft of Property
15). Deprived of due process
16). Violations of the statue Limitations
17). Violation of timely assignment

COMPLAINT

INDEX

INTRODUCTION
PARTIES AND JURISDITION
JURY TRIAL DEMAND
CLAIM OF RELIEF BACKGROUND
FACTS

FIRST CAUSE OF ACTION-WRONGFUL FORECLOSURE, VACATE JUDGMENT FOR FAILURE TO ATTACH A COPY OF THE PROMISSORY NOTE AND IMPROPER REESTABISHMENT OF LOST NOTE.
FLA. STATUE 702.015(4)
SECOND CAUSE OF ACTION-VIOLATION OF CIVIL CODE
CAL. CIVIL CODE 2923.5 FLA. STAT. 92.525
THIRD CAUSE OF ACTION – UNJUST ENRICHMENT
FLA. STATUE 697.10
FOURTH CAUSE OF ACTION-RESPA AND TILA VIOLATIONS
RESPA 12 U.S.C. 2605
FIFTH CAUSE OF ACTION-NO CONTRACT
FLORIDA STATUE 697.10

2

SIXTH CAUSE OF ACTION-FRAUD AND CONCEALMENT
FLA. STATUE 726.105 (d)
SEVENTH CAUSE OF ACTION – QUITE TITLE
FLA. STATUE 95.11 CAL CODE CIVIL PROCEDURE 760.020
EIGHT CAUSE OF ACTION- DECLARITORY AND INJUNCTIVE RELIEF
FLA.STATUE 526.312
NINTH CAUSE OF ACTION- SLANDER OF TITLE
 FLA. STAT. 770.06
TENTH CAUSE OF ACTION-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
42 U.S. Code § 3617 FLA. STATUE 760.51
ELEVENTH CAUSE OF ACTION- VIOLATION OF CIVIL RIGHTS ACT
42 U.S. CODE 1983
TWELTH CAUSE OF ACTION VIOLATION OF BANKRUTCY
28 U.S.C. .2210  U.S. code:11U.S.§ 362(a)(3),  11U.S.C. § 362(h)(K), 11U.S.C.§362(c), 1U.S.§362 (1)(2)(3)(4)(5)(6)(7).
THIRTEENTH CAUSE OF ACTION- DAMAGE TO PROPERTY
FLA.STATUE 806.13 FLA.STATUE 812.014
FOURTEENTH CAUSE OF ACTION-GRAND THIEF OF PROPERTY
FLA. STATUE 812.019
FIFTEENTH CAUSE OF ACTION-DEPRIVED OF DUE PROCESS
ARTICLE I SECTION 9 FLORIDA STATE CONSTITUTION
SIXTEETH CAUSE OF ACTION-VIOLATION OF THE STATUE OF LIMITATIONS
FLA.STATUE 775.15
SEVENTEENTH CAUSE OF ACTION-VIOLATION OF TIMELY ASSIGNMENT
FLA. STATUE 475.6245 FLA.STATUE 627.736 FLA.STATUE CH.701
PRAYER
PLAINTIFFS EXHIBITS


COMPLAINT:  PLAINTIFF DEMAND FOR A JURY TRIAL

VERIFIED MOTION TO VACATE JUDGMENT AND TO CANCEL SALE OF THE PROPERTY AND PLEA OF NUL TIEL RECORD

Plaintiffs, states under GOD that the JUDGE  must be  just (2 Samuel 23: 3) and asserts their rights under the Seventh Amendment to the United States Constitution and demands a trial by jury on all issues of fact, in accordance with federal Rule of Civil Procedure 38 and declaratory judgment under 28 U.S.C. §2201. This is a request for jury trial under Rules 38 and 39. The Plaintiffs moves the court to enter a Temporary Restraining Order and stay against the Defendants and Injunctive relief for violation of a court order. This action includes violations of the Plaintiffs civil rights and discriminatory acts by the Defendants one and all. This is also violation of the 1964 civil Rights Act, an act to enforce the constitutional right to vote, to confer jurisdiction in Public accommodations to authorize the attorney general to institute suits to protect Constitutional rights in public facilities and public education to extend the commission on civil rights, to prevent discrimination in federally assisted programs to establish a commission on  Equal Employment Opportunity, and for other purposes.


VERIFIED PETITION

INTRODUCTION; JURISDICTION AND VENUE

This is an action for Declaratory and other relief.
This court has jurisdiction under the Federal Declaratory Judgments Laws, and for deprivation of rights under the United States Constitution and the Florida Constitution. Defendants maintain their main offices in the state and do business within this state. Plaintiff is a resident of Dade County, Florida and has resided in Dade County for a period in excess of 6 years.Wherein plaintiffs moves the court for Injunctive relief and Declaratory Judgment because of evidence of Fraud on the part of the defendants in a Court foreclosure action. 2007-18226-ca-01, 2007-02736-CA01. The defendants have transfered title and evict plaintiffs from their home now The Plaintiffs moves the court for a Temporary Restraining (stay) Order in that the sale and eviction of Plaintiffs from property will cause irreparable injury and damage to Plaintiff. The complaint alleges violations of law by Fraudulent practices of Defendants, denying Plaintiffs a fair trial, based upon Fraudulent filing and testimony before the court in the original Foreclosure and illegal Constructive Eviction conspiracy between the Defendants action. All of the claims derive from a common nucleus of operative fact. All of the events alleged herein transpired in Dade County, Florida.

## PARTIES

Plaintiff's are single men who are Sui Juris and are the prior owners of title for the property 1977 N.E.119th rd. Miami Florida 33181.
Defendants are doing business in banking under the name of Indy Mac Bank and EMC Mortgage. These defendants are doing business in the State of Florida and are served at their Attorney's offices: Florida Default Law Group, P.L. P.O. Box 25018 Tampa Fl.
33622-5018 Ph:(813) 251-4766 Attorney Justin J. Kelly Florida Bar No. 32106, Sabrina M. Moravecky Fl. Bar No. 44669.
Mortgage Electronics Registration Systems Inc. (MERS), is an American privatly held Corporation that records mortgages and is owned by a holding company called MERSCORP HOLDINGS Inc.

## FACTS

The defendants are attempting to perfect their foreclosure, transfer Title and Evict plaintiffs from their property at 1977 N.E. 119th Road Miami Fl. 33181. Deutsche Bank National Trust Company as tusteeUnder The Pooling and Servicing Agreement Series Rast 2006-A8 (CSFB) knowingly filed a fraudulent foreclosure complaint 06/18/07 case #07-18226CA01 **see exh.A** the said property was illegally Foreclosed on if we look further, the Lis pendens that was used has a recorded date of 06/20/2007 from the Plaintiff Deutsche Bank National Trust Company as Trustee Under The Pooling and Servicing Ageement Series Rast 2006-A8 (CSFB), **see exhibit"B"**,and later on 08/22/2007 an assignment of Mortgage was recorded on that date by the clerk of court in Miami Dade as seen on **exhibit C,** and as seen on the Same Document, the assignment was made after the lis pendens was entered and the assignment was Recorded after 63 days later which according to (Mclean v. JPMorgan Chase Bank N.A. ) is a Illegal foreclosure you cannot foreclose on a property before you own it, their was never any evidence of Deutsche Bank ever owning the Note or having any kind of assignment before the recorded date of 08/22/2007 As the assignment has no effect against the creditor unless recorded see Fla. Stat. 701.02, this is a Fraudulent assignment designed to decieve homeowners into not knowing they were being tricked By the Banks into thinking that they were in a legal foreclosure and they would soon have to give up their home unknowingly to fraudulent assignments. This is prohibited according to Fla. Stat. 817.535 For unlawful filing of false documents or records against Real or personal property,


MERS cannot assign or sell a promissory note in Florida because Florida is a judicial state like Ohio,see LaSalle Bank Nat. Ass'n v. Lamy,824 N.Y.S.2d769,2006 WL 2251721 (Sup.2006) Mortgage Electronic Registration Systems, Inc. v. Nebraska Department of banking and finance, 704N. W.2d 784(NEB. 2005). Mortgage Electronic Registration Systems Inc. v. Southwest Homes of Arkansas, 2009 WL 723182( Supreme Court of Arkansas, 2009).

4

MERS illegal assignment to Deutsche Bank Nat'l. Trust was recorded in the county without possession of the Note after they started foreclosure case in 06/18/07 therefore because it was not in possession of the note they can't foreclose what they didn't own on the record. Wells Fargo vs. Jordan and McLEAN vs JP Morgan chase bank national association no.4d10-3429. And Aurora, MERS vs Decosta (4/2010).

Also because MERS Illegal assignment was recorded on 08/ 22,/ 2007  65 days after property was foreclosed, but Deutsch Bank Nat'l Trust was still entered in the lis Pendens and the Complaint on the title of those documents as the plaintiffs as if they owned the Note they cannot Retroactivly own the Note they must own it before they foreclose a partys standing is determined at the time the lawsuit was filed, see Progressive Exp. Ins. Co. v Mcgrath Comty. Chiropractic, 913 So. 2d 1281, 1286 (Fla. 2d DCA 2005), the plaintiffs lack of standing at the inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed. Id. At 1285 thus a party is not permitted to establish the right to maintain an action retroactivly by Aquiring standing to file a lawsuit after the fact. Id. At 1286. Mclean v. JPMorgan.

### FIRST CAUSE OF ACTION: WRONGFUL FORECLOSURE VACATE JUDGMENT FOR FAILURE TO ATTACH A COPY OF THE PROMISSORRY NOTE AND   IMPROPER RE-ESTABLISHMENT OF LOST NOTE.   Fla. Stat. 702.015(4)

Fla. Stat.702.015 (4) says you must show a copy of the Note filed with the Complaint at the time the foreclosure is filed and they didn't. The Judge Erred by not Dismissing the Case on finding that the Note was not attached to Complaint with Plaintiff Deutsche Bank name on Note at all. According to Federal Rule 3.1 Standing Rule, standing can be brought up at any time, Deutsche Bank never possessed any legal right to bring up A lawsuit  nor has Deutsche Bank has ever brought forth the original Note to said property with their name. <u>Plaintiffs have failed to Attache a copy of the Note to the complaint in which the complaint itself was illegal. See Cruz v. JPMorgan Chase Bank N.A. And never brought Original Note with MERS or Deutsche Bank's Name on it.</u>

  The Defendant seeked the re-establishment of a lost note, but failed to attach a copy of the original note to the complaint in violation of Rule 1.130. D e f e n d a n t  states in the Complaint that it does not possess the note. Pursuant to Florida Statute 673.3091: a person not in possession of an instrument is entitled to enforce the instrument if the person seeking to enforce the instrument was entitled to enforce the instrument when loss of possession occurred, or has directly or indirectly aquired ownership of the instrument from a person who was entitled to enforce the instument when loss of possession occurred; and the loss of  possession was not the result of a transfer by the person or a lawful seizure;The Note in this case was not lost as a result of transfers of the Note by defendants predecessors in interest to Florida rules of civil proceedure: copies of the Note and mortgage must be attached. To the mortgage foreclosure complaint (emphasis added). There is no proof that defendant ever held or took possession of the Note and thus cannot prosecute this foreclosure.

5

## SECOND CAUSE OF ACTION: VIOLATION OF CAL. CIVIL CODE 2923.5 and Fla. Stat. 92.525

**California Civil Code** section **2923.5** ("2923.5" or the "Statute") requires lenders to contact the borrower "in person or by telephone" to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure," 30 days before recording a Notice of Default against a property.

Defendants commenced foreclosure of the property by recording a Notice of Li*s Pendens* in Miami Dade county records office on June 20,2007. **exhibit B**. Attached to the NOLP was a declaration of compliance with FL. Statute 92.525 Like Cal. Civil code 2923.5 signed under penalty of perjury by E. Tyler Samsing Bar# 0028380 on behalf of Deutsch Bank Nat'l. Trust Co.

28. Plaintiff is informed and believes that declarant E. Tyler Samsing did not have personal knowledge of the matters described in her declaration, which purported to describe attempts by Deutsche Bank Nat'l. Trust to contact Plaintiff as Required by 92.525. The NOLP must include a Declaration from one of three entities showing that it contacted the borrower or tried with due diligence to contact the borrower. General Jerry Brown sent a letter and ordered Deutsche Bank to halt all foreclosures in California. A copy of The Letter is posted on the Atty. Generals Website at ag.ca.gov/news alerts.

29. On October 1, 2010, California Attorney Mr. Brown wrote: the office of the Attorney General writes to demand that JP Morgan Chase demonstrate immediately that it conducts foreclosures in compliance with California civil code, section 2923.5 or if it cannot, Halt all Foreclosures in California until it can Section 2923.5, subdivision (b) provides that a lender may not record a Notice of Default in California for a California Mortgage originated between Jan. 1, 2003 and Dec. 31,2007

## THIRD CAUSE OF ACTION - UNJUST ENRICHMENT

## FLORIDA STATUE 697.10

Deutsche bank has no interest in Plaintiff's Mortgage, so the pending foreclosure on Plaintiff's property would constitute unjust enrichment. The mortgage states that all secured sums must be paid. Plaintiff alleges that the obligations under the mortgage were fulfilled when Deutsche Bank received funds in excess of the balance on the NOTE as a result of proceeds of sale through securitlzation to private investors many times and insurance proceeds from credit default swaps.

## FOURTH CAUSE OF ACTION - RESPA AND TIlA VIOLATIONS

## RESPA 12 U.S.C. 2605

37. Deutsche Bank N.A. and its agents made material misrepresentations and omissions with respect to the terms of Plaintiffs loan in violation of the Truth In Lending Act (TILA). Plaintiffs is informed and believes that Lancaster Bank concealed the terms of the loan with the intention of inducing Plaintiffs to refrain from lnvestigating and challenging the disclosures until the period for rescinding the loan expired.

Plaintiffs did not receive any documents from Lancaster Bank after his meeting to sign documents at a Florida Title Company, including disclosures required by the Truth in Lending Act,RESPA, and a notice of right to cancel.

38. Plaintiff's loan is a mortgage loan subject to the provisions of RESPA, 12 U.S.C. 2605 et. seq. and Cal. financial Code §50505.

On Oct. 12, 2010, Plaintiff requested a copy of his loan application and Promissory Note at a Miami branch of Defendants in Florida. A bank Officer telephoned a Indy

1
7

Mac Bank office in California and informed Plaintiff that he would receive the loan documents in ten days. No documents have ever been received.

Defendants have engaged in a practice of non-compliance with RESPA, including failing to respond to properly submitted QWR's see **Exhibt D**

. Plaintiff is informed and believes that this practice is designed to conceal TILA amid RESPA violations and to conceal the identity of the many investors who believe they are the owners of the NOTE, IndyMac Bank got cash from and true beneficiary of the Loan . As a direct and proximate result of Defendants failure to comply with RESPA, Plaintiffs have suffered and continues to suffer actual damages in that he is unable to ascertain the basis for defendants claims to his property, he cannot identify the owner of the beneficiary of the Note, he cannot determine whether his payments to IndyMac Bank paid to the beneficiary and there is no evidence upon which to conclude that Defendants are acting as NOTE owner with the lawful authority in their attempts to foreclose the property. Under RESPA, Plaintiffs seeks triple damages, and also documents were ordered for <u>Qualified Written Request , Formal Protest and Dispute Of Alleged Debt And Validity Of Alledged Loan,</u>   But never received **See exhibit** D


## FIFTH CAUSE OF ACTION - NO CONTRACT
### FLORIDA STATUE 697.10

the Assignment from Lancaster to MERS has no Lot or Parcel Description on The Mortgage assignment **see exhibit E& F** which is a void and an illegal Assignment (South Floridas Citrus land Co. v. Walden, 51 So.554, 59 Fla. 606 (1910), and Garvin v. Baker, 59 SO. 2d 360 (Fla. 1952), also according to Fla.

Stat. 697.10 For liability for error in mortgage deed or Note and in any action relating to real Property , if the court shall find that any person has prepared an instrument which due to an inaccurate or improper legal description impairs another person's title to real property, the court may award to the prevailng party all costs incurred by her or him in such action, including reasonable attorneys fees, and in addition thereto may award to the prevailingt party all actual damages that she or he may have sustained as a result of such impairment of title. Assignment of Mortgage was done 10/20/05 the same day as the Closing but the Lot and Parcel was put on record 09/30/05 twenty days before Closing and was done and only done as an exhibit, **see exhibit F2,** and not a part of the Assignment . So MERS is not owner and the Deutsche Bank Assignment from MERS is Void Completely.

## SIXTH CAUSE OF ACTION: FRAUD AND CONCEALMENT
## FLORIDA STATUE 726.105 (d)

Fed. Rule 3.1 Standing can be brought up any time even on Appeal. Denied Defendants Objection to Sale without Bank proving they had Standing because the Bank filed Complaint before they owned the Note. Plaintiff foreclosed on the property before they owned it by way of making a Fraudulent Assignment and taking Defendants property without having Note ownership.This foreclosure should never have been allowed because the Bank didn't have Assignment. If we look further, the Lis pendens that was used has a recorded date of 06/20/2007 from the Plaintiff Deutsche Bank National Trust Company as Trustee Under The Pooling and Servicing Agreement Series Rast 2006-A8 (CSFB), **see exhibit " B "**,and later on 08/22/2007 an Assignment of Mortgage was recorded on that date by the Clerk of court in Miami Dade as seen on **exhibit C** , and as seen on the same Document, the Assignment was made after the Lis Pendens was entered and the Assignment was Recorded 63 days after Lis pendance was filed which according to (Mclean v. JPMorgan Chase Bank N.A. ). This is an Illegal foreclosure, you cannot Foreclose on a property before you own it (Note), there was never any evidence of Deutsche Bank ever owning the Note or having any kind of an Assignment before the recorded date of 08/22/2007 so this Assignment has no effect against the Creditor unless recorded before the Complaint, see Fla. Stat. 701.02, this is a Fraudulent assignment designed to into thinking that they were in a legal foreclosure and they would soon have to give up their home unknowingly to Fraudulent Assignments. This is prohibited according to Fla. Stat. 817.535 For unlawful filing of false documents or records

against Real or personal property, and also 817.535(e) 5(2)(A) a person who files or directs a filer to file with the intent to defraud or harass another, or any Instrument containing a materially false ficticious or fraudulent statement or representation that Perports to affect a owners interest in the property described in the instrument commits a Felony. Assignments to property cannot be made Retroactively the Assignment time begins from the time that the document is recorded in the County Court. There have been numerous cases that were dismissed because of faulty Assignments such as Mclean v. JPM. And **US Bank v. Ibanez** where the Massachusetts Suppreme Court found that the mortgages were Assigned to the lender after the completetion of the foreclosure sale or, the Court decided that the foreclosures were Void because the lenders lacked legal authority to foreclose and then there was Balch v. LaSalle Bank N.A. 171 So. 3d 207, 209 (Fla. 4th DCA 2015) reversing a Foreclosure Judgement in part because "the assignment [of Mortgage] was executed after the complaint was filed, also see Abdel Darwiche and Batoul Darwiche v. Bank of NewYork Mellon, when the assignment of mortgage upon The Bank of NewYork relied to establish its standing, the Appellate court agreed With the homeowners/borrowers that the general issues of materal fact remained As to wheather the assignment of mortgage was sufficent to establish BNYM's Standing at the inception of the suit and also see Darlene Angelini and Joseph Angelini v. HSBC Bank, et al., 4D14-216 the banks testimony did not establish The revelant: that it held the note at the time the complaint was filed. Although The bank was clearly the holder at the time it introduced the blank indorsed Note at trial, "[a] plaintiffs lack of standing at the inception of the case and is not a Defect that may be cured by the acquisition of standing after the case is filed. And cannot be established retroactivly by aquiring standing to file a lawsuit after the fact. " La France v. U.S. Bank Nat'l Ass'n 141 So. 3d 754, 756 (Fla. 4th DCA 2014) and McClean v. JPMorgan. Therefore Deutsche Bank does not have Standing to Foreclose.

## SEVENTH CAUSE OF ACTION QUIET TITLE

FLA. STATUE 95.11 CAL CODE CIVIL PROCEDURE 760.020

Plaintiffs seeks to quiet title against the claims of the Defendants and all persons claiming any legal or equitable right, title, estate, lien, or adverse interest in the property as of the date the complaint was filed (Fl. Statute 95.11 Cal Code Civil Procedure 760.020). Plaintiffs is the title holder of the property according to the terms of a grant Deed Dated Sept. 07, 14, 2006.

Lancaster Bank securitized plaintiff's single-family residential mortgage loan by Selling the Note as a security on the stock market . Plaintiff is informed and believes that the unlawful beneficiary has been paid in full. <u>The mortgage states in paragraph 23: Reconveyance upon payment of all sums secured by this security instrument,</u> lender shall request Trustee to reconvey the property and shall surrender this security instrument and all Notes evidencing debt secured this security Instrument to Trustee. Trustee shall reconvey the property without warranty to the person or persons legally entitled to it.. .. Mortgage does not state that Plaintiff must make full payment, only that all secured sums must be paid. Plaintiff alleges that the obligations owed to Lancaster under the mortgage were fulfilled and the loan was fully paid when Lancaster received funds in excess of the balance on the NOTE as Proceeds of sale through securitization(s) of the loan and insurance proceeds from credit default swaps. We know that MERS was used to sell the NOTE in a bundle of 5000 other NOTES on the market unendorsed so as to be able to sell it over and over again with each investor believing he owns the NOTE and to stop investors from going after and collecting on the investment.

## <u>EIGHTH CAUSE OF ACTION-DECLAROTORY & INJUNTIVE RELIEF</u>

### FLA. Statue 526.312

Plaintiffs re-alleges and incorporates by reference the allegations contained in Paragraphs. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties. Plaintiff contends:

(a). That Deutsche Bank N.A. is not the present holder in due course or beneficiary of a promissory Note executed by Plaintiff. However, Defendants

11

contend that Deutsche Bank N.A. is the present owner and beneficiary of a promissory Note executed by Plaintiff Leroy Williams.

(b). That Defendants are not real parties in interest, do not have standing and are not entitled to accelerate the maturity of any secured obligation and see the property because they are not beneficiary or authorized agent of beneficiaries under the proported promissory NOTE. However Defendants assert that they are entitled to sell the property.

(c) That the Notice of *Lis Pendens* recorded in Miami Dade County on 06/20/07 **see Exb. B** which purports to substitute defendant Indy Mac Bank with Deutsche Bank N.A. through Assignment of mortgage was made on 8/22/07, **see Exb.C** which was fraudulently Presented, because the assignment was made recorded 63 days after the foreclosure, which cannot be done according to ( Mclean v. JPMorgan Chase Bank) , you cannot foreclose on property before the assignment is made, Deutsche Bank N.A. had put themselves on the lis Pendens and complaint as the owners of said property long before they ever owned it which is fraud and cannot be taken back (Pino v. Bank of Newyork) Deutsche Bank N.A. was not Authorized to file a notice of *Lis Pendens* on the property.

Unless restrained, Defendants will, get a writ of possession , to Plaintiff's great and Irreparable injury, for which pecuniarv compensation would not afford adequate relief.

Defendants wrongful conduct, unless and until restrained by order of this court, Will cause great irreparable injury to Plaintiff as the value of the residence declines under threat of foreclosure and Plaintiff faces the prospect of eviction from his residence. **Stay the foreclosure sale to examine the facts.** If the foreclosure sale is allowed to proceed, the burden on Plaintiffs significantly outweighs the benefit to Defendants, and each of them.

By contrast, if the foreclosure sale is enjoined, the burden to any or all Defendant's is minimal and not at all outweighed by the benefit to Plaintiff's. Plaintiffs has no adequate remedy at law for the injuries currently being suffered and that are threatened. It will be impossible for Plaintiffs to determine the precise amount of damage that he will suffer if Defendant's conduct is not restrained and Plaintiff's must file a multiplicity of suits to obtain compensation for his injuries. It reasonably foreseeable that the aforementioned publications by the foreclosing Defendant's, and each of them, cast doubt on Plaintiff's right to title in their property.

## NINTH CAUSE OF ACTION - SLANDER OF TITLE
## FLA. STAT. 770.06

The contained foreclosing Defendant's and each of them, by their acts and omissions, published matters which were untrue and disparaging to Plaintiff's right to title in the subject property. The aforementioned publications by the foreclosing Defendants, and each one of them, were unjustified and without privilege has caused and continues to cause damages to Plaintiffs. As a result of said publications from defendant's, and each of them, Plaintiff's has suffered and continues to suffer loss of money, credit, real property value and reputation, in an amount to be proven at trial.

## TENTH CAUSE OF ACTION- INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## 42 U.S. Code § 3617 FLA. STATUE 760.51

Plaintiff's contends that the acts and omissions of the defendants, and each of them, constitute extreme and outrageous conduct.
Plaintiff's further contends that defendant's and each of them, engaged in such conduct either intentionlly or with reckless disregrd as to the effect on Plaintiff.
WHEREFORE, Plaintiff's pray that this court grant compensatory and punitive damages against Defendant's for their contribution to the conspiracy to illegally evict Plaintiffs

13

and also they lied to the police telling them we were evicted already to make us look like house squatters and had Plaintiffs illegally house searched and evicted without a Judge's order. As a reasult of said extreme and outrageous conduct by defendants and each of them, Plaintiffs has suffered severe emotional distress of $5,000,000.00.

### ELEVENTH CAUSE OF ACTION
### VIOLATION OF THIE CIVIL RIGHTS ACT OF 1964 AND THIE EQUAL PROTECTION CLAUSE OF THE 14 TH AMENDMIENT OF THE U.S. CONSTITUTION. A CONSPIRACY TO KEEP BLACKS OUT WHITE NEIGHBORHOODS.

We drove up to the house and Indy Mac Bank representative was there and before they drove off with our property and locked the doors. I asked the man in the truck who he was and he showed me a card saying that he was with Indy Mac bank and Drove off Defendant Indy Mac Bank broke into our house changed our locks and stole our recording equipment, and tools because Indy Mac Bank called the police and said that we were foreclosed on already in which we were not, the people from the bank Sped off with our stuff. We had to break into our own house because Indy Mac Bank had changed the locks and covered the pool. The amount that was stolen was over $600.000.00 dollars, we want whatever the court deems fair

### TWELTH CAUSE OF ACTION VIOLATION OF BANKRUPTCY STAY
### Declaritory relief is authorized under 28 U.S.C. .2210. and The federal Jurisdiction is the violation of Federal Bankruptcy stay. 28 U.S.C. .2210 U.S. code:11U.S.§ 362(a)(3),11U.S.C. § 362(h)(K), 11U.S.C.§362(c), 1U.S.§362 (1)(2)(3)(4)(5)(6)(7).

Mack Wells, another owner of the said property filed for bankruptcy may 9th 2017 then he also attended a hearing for the property at the state court on 5/11/2017 Mack Wells informed the Judge who Was on that day Judge Monica Gordo that he had had filed bankruptcy to stop the sale that was coming up but the Judge did not honor his

bankruptcy and went on to set the sale date for 6/22/2017and the property ended up being sold. Seeing the U.S. code:11U.S.§ 362(a)(3), 11U.S.C. § 362(h)(K), 11U.S.C.§362(c), 1U.S.§362 (1)(2)(3)(4)(5)(6)(7). Mr Wells bankruptcy case no. was 17-15864RBR .this U.S. Code Says that the bankruptcy stops any act against the debtor including any act to obtain his property, any Judgments againsst him, or any debt owed by the debtor. Now the appellants are in danger of losing there home because the Law is not being honored, these are all Federal laws they are breaking and Ignoring we just want justice. And they did not want part owner Maurice Symonette to intervene in this court case even though he had been allowed to intervene before **see exhibit G,H, & I** Symonette was allowed to intervene by judge Blake, we just Want Justice that's all. Judge Joel T. Lazarus had to step down from his position as Judge for denying Due Process as guaranteed in the U.S. constitution **see exhibit J.**

## THIRTEENTH CAUSE OF ACTION DAMAGE TO PROPERTY
### FLA.STATUE 806.13 FLA.STATUE 812.014

Indy Mac Bank caused damaged to the house when they violated our property and stole property. The door and the piano where damaged. The computer was knocked over and damaged and is currently not working.

## FOURTEENTH CAUSE OF ACTION GRAND THEFT OF PROPERTY

### FLA. STATUE 812.019

Indy Mac Bank was caught stealing $600.000 in property and recording equipment out of the house and changing locks to lock us out of our house with no court Order. We want our property replaced or the money back tripled.

## FIFTEENTH CAUSE OF ACTION DEPRIVED OF DUE PROCESS
### US CONSTITUTION ARTICLE 1 SECTION 9

Also we were deprived of Due Process by not allowing Plaintiff to present his case. see Coursen v. JP Morgan, case no: 812-12-cv-690-t-26EAJ  US DIST. COURT TAMPA Fl. Judge Richard A. Lazzara says that Rule 12(b)(6) Dismissal, people must be afforded the opportunity to prove your allegations through discovery process. The Defendant Deutsche Bank N.A. never answered our Qualified Written Request and never showed ownership of the NOTE or the original NOTE as requested. **See exhibit  D**  They then claimed that we should have defended ourselves thereby depriving us of our 14th amendment constitutional right to due process clause.

## SIXTEENTH CAUSE OF ACTION: VIOLATION OF THE STATUTE OF LIMITATIONS

### FLORIDA STATUE 95.011 (2)

Also, defendants moves to dismiss the case according to Fl. Stature 95.011 (2) (c) for failure to complete prosecution within the five year statute of limitation from when - They filed their first lis pendens to foreclose 06/04/07,  about 10 years have passed and have not completed their foreclosure. see docket **exhibit (k)** thereby surpassing the statute of limitation to foreclose see Elizabeth Spencer VS EMC Mort. Corp. Appeals Court Case# 2002-30022-ca- 01 Florida Statute 95.011 (2) (c) says:

## The 2012 Florida Statute:

Title VIII
Chapter 95
Limitations of actions; Adverse Possession

95.11 Limitations other than for the recovery of real property. Actions other than for recovery of real property shall be commenced as follows:
(1). wthin Twenty Years - an action on a judgment or decree of a court of record in this state.
(2). within five years.

**a)**. An action on a judgment or decree of any court, not of record, of this state or any court of the United States, any other state or territory in the United States, or a foreign country.

(b). A legal or equitable action on a contract, obligation, or liability founded on a written instrument, except for an action to enforce a claim against a payment bond, which shall be governed by the applicable provisions of paragraph (5)(e), S. 255.05 (10),s. 337.18(1), OR s. 713.23(1)(e) (c). An action to foreclose a mortgage.

The statute is clear, at no fault of ours that in the BANKS quest to avoid having to prove that they own the Note, depending on the court to never make them follow the basic law of showing proof of owner ship, have gone past the Statute of Limitations in their quest avoid revealing their fraud on the court, that has been revealed through the Atty. Generals of Florida and others JP Morgan's admitted fraud on the people and the Courts and the Coursen v. JP Morgan case and as a matter of LAW.

.      **SEVENTEENTH CAUSE Of ACTION: VIOLATION Of TIMELY ASSIGNMENT:**

**FLA. STAT. 702.02 and FLA. STAT. 726.105(D)**

Also the '5instant assignment was also untimely in order for the forclosure to be legal the assignment to the mortgage must be entered in a timely manner, that is it should be entered before the foreclosure, in this case it was not, the Lis Pendens was recorded on 06/20/2007, **exhibit B,** and the assignment was recorded 08/22/2007 which was at least 63 days after the Foreclosure see **Exhibt C,** thus Deutsche Bank foreclosed before they even owned the Note and they knew It and tried it anyway hopeing that they could get away with it, an assignment cannot Be Assigned retroactivly see  Progressive Exp. Ins. Co. v Mcgrath Comty. Chiropractic, 913 So. 2d 1281, 1286 (Fla. 2d DCA 2005), the plaintiffs lack of standing at the

inception of the case is not a defect that may be cured by the acquisition of standing after the case is filed. **Id. At 1285** thus a party is not permitted to establish the right to maintain an action retroactivly by Aquiring standing to file a lawsuit after the fact. Id. At 1286. Mclean v.JPMorgan. Therefore Deutsche Bank Has no standing in the ownership of the said property and for Deutsche Bank to amend the complaint to start over would only suggest fraud (Pino v. Bank Of NewYork) as it already is by the nature of the transaction the transaction itself is deceptive and to have this fault of an assignment written after the Complaint is filed but Deutsche Bank N.A. still claim they have standing is an action of fraud as have been tried by many other cases and the Banks that did them lost (US Bank N.A. v. Ibanez), (Murray v. HSBC Bank USA 2006 OP1) and (Powers v. HSBC Bank USA 2006). A fraudulent Transfer is one when one is <u>threatened</u> with suit before assignment to property is made, Fl. Stat. 726.105(D), and also UCC Article 3 line #6 says assigments or endorsements must be effectuated Before suit is filed.Progressive Exp. Ins. Co. v. Mcgarth Comty, Also Fla. Fourth DCA and UCC F.S. DH. 673 ARTICLE 3 OF THE UCC: says they must prove they own the Note before they foreclose. On Note this case is void, Deutsche Bank HAS NO STANDING IN THIS CASE .

## PRAYER

WHEREFORE, Plaintiff requests judgment as follows:

1. That this court issue an Order to show Cause and after a hearing, issue a Temporary Restraining Order Preliminary Injunction restraining Defendant's, and each of them, during the pend ency of this action, from continuing with their efforts to conduct a Foreclosure Sale of the Property.

2. That the attempted foreclosure if the Property be declared illegal and that defendant's be forever enjoined and restrained from selling the Property or attempting to sell it or causing it to be sold, either under power of sale pursuant to trust deed or by foreclosure action and from posting, publishing or recording any notice of default of foreclosure sale contrary to state or federal law.

3. That the underlying loan transaction be declared void as a result of Defendant Deutsche Bank misrepresentations, fraud, concealment and predatory loan practices.

4. That Defendant's make restitution to Plaintiff according to proof.

5.For a judgment determining that Plaintiff is the owner in fee simple of the Property against the

6. adverse claims of Defendants and that they have no interest in the property adverse to Plaintiff's.

7. For damages in an amount of $5,000,000.00.

18

8. For cost of suit and reasonable attorney fees.

9. For any and all other and further relief that may be just in this matter.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 8/31/ 2018 a true and correct copy of the foregoing Appellant's appendix has been furnished by U.S. Mail to: BLANK ROME LLP 500 E. BROWARD BLVD. STE.2100 FT.LAUD. FL 33394

Respectfully Submitted,

James M. Littlejohn
1977 NE 119th rd
MIAMI FL. 33181

Maurice Symonette
1977 NE 119th rd.
Miami, Fl. 33181

LEROY WILLIAMS
1977 NE 119th rd.
MIAMI FL. 33181

Mack Wells
1977 NE 119th rd.
Miami, fl. 33181