UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-23615-CIV-ALTONAGA/Goodman

**MAURICE SYMONETTE**, *et al.*,

 Plaintiffs,
v.

**INDY MAC BANK**, *et al.*,

 Defendants.

_____/

### ORDER

On September 5, 2018, pro se Plaintiffs, Maurice Symonette, James Littlejohn, and Mack Wells, filed a Complaint [ECF No. 1] against Defendants, Indy Mac Bank, EMC Mortgage, Lancaster Mortgage Bankers LLC, Mortgage Electronics Registration System, and Deutsche Bank National Trust Company; as well as an Application for Leave to Proceed in Forma Pauperis ("Motion") [ECF No. 3]. Plaintiffs have not paid the required filing fee, and therefore the screening provisions of 28 U.S.C. section 1915(e) apply. Under the statute, courts "shall dismiss" a suit "any time [] the court determines that . . . (B) the action or appeal[] (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2) (alterations added). Upon initial screening, the Court finds Plaintiff's Complaint must be dismissed.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a) (alteration added). Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Pleadings must present

"more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). Although the Court must liberally construe *pro se* pleadings, "*pro se* litigants are nonetheless required to conform their pleadings to procedural rules." *Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citation omitted).

The Complaint does none of the above. Its 17 counts are a rambling narrative of events Plaintiffs allege violate a number of Florida, California, and U.S. statutes. (*See generally* Compl.). Many of the factual paragraphs appear to have been copied from elsewhere, without a clear connection to the causes of action in this case. (*See, e.g.*, Compl. 7–9). The Complaint does not "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances," as the Federal Rules require. Fed. R. Civ. P. 10(b) (alteration added). From the Complaint, the Court cannot determine how Defendants' conduct violated the statutes mentioned or what Plaintiffs' bases for relief are because the facts are presented without explaining how they fit within the elements of each cause of action alleged in the 17 counts.

The incomprehensible Complaint is also a quintessential shotgun pleading. A shotgun pleading makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Shotgun pleadings "fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (alteration added; footnote call number omitted). Here, the Complaint is (1) "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" and (2) commits the "sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1322–23 (footnote call numbers omitted).

Rather than organize each discrete claim in a separate section of the Complaint alleging the facts relevant to that cause of action and relevant to each Defendant, Plaintiffs expect the Court to parse their claims and determine which facts satisfy the elements of their numerous statutory causes of action. The Court will not do Plaintiffs' job for them. *Williams v. Donald*, No. 1:08-CV-57, 2009 WL 2589595, at *4 (M.D. Ga. Aug. 19, 2009) (alteration added) ("[C]ourts are not required to aid [*pro se*] litigants in setting forth legally cognizable claims." (alterations added)); *see also Jones v. N.L.R.B.*, 675 F. App'x 923, 925 (11th Cir. 2017) ("While *pro se* briefs are generally held to a less stringent standard than those submitted by counsel, courts are not required to step into the role of *de facto* counsel." (citation omitted)).

Accordingly, it is **ORDERED AND ADJUDGED** that the Complaint **[ECF No. 1]** is **DISMISSED WITHOUT PREJUDICE**. Plaintiffs have until **September 17, 2018** to file an amended complaint, failing which the case will be closed.

The Motion **[ECF No. 3]** is also deficient, as it is only filled out by one of the named Plaintiffs; no information is provided regarding the financial status of two of the three named Plaintiffs. Consequently, the Motion is **DENIED** without prejudice to all three Plaintiffs submitting the required financial information should they file the amended complaint by the date noted.

**DONE AND ORDERED** in Miami, Florida, this 5th day of September, 2018.

*[signature]*
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:     Plaintiffs, *pro se*